SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------------X

COLONIAL FUNDING NETWORK, INC. as servicing provider for YELLOW STONE CAPITAL and TRUST CAPITAL FUNDING,

                          Plaintiff,

- against-

SAMMYS GRILL, LLC d/b/a STADIA BAR and GRILL, STADIA BAR & GRILL LICENSING CO, LLC d/b/a STADIA SPORTS GRILL,
SAMMY'S GRILL LLC 2 d/b/a
SAMMY'S SPORTS GRILL 2,
SAMMY'S GRILL LLC 3 d/b/a
SAMMY'S SPORTS GRILL 3,
SAMMY'S GRILL LLC 4 d/b/a
SAMMY'S SPORTS GRILL 4,
SAMMY'S GRILL LLC 5 d/b/a
SAMMY'S SPORTS GRILL 5, and
SAMUEL VELA (a/k/a SAMMY VELA)

                          Defendants,

------------------------------------------------------------------X

Index No.: 653963/2018

Date Filed: August 9, 2018

**STIPULATION OF SETTLEMENT**

Plaintiff's Place of Business:
120 West 45th Street, 6th Floor
New York, New York 10036

Plaintiff designates New York County as the place of trial. Venue is based upon Plaintiff's place of business and pursuant to agreement.

## STIPULATION OF SETTLEMENT

It is hereby stipulated and agreed by and between Plaintiff Colonial Funding Network, Inc. as servicing provider for Yellow Stone Capital and Trust Capital Funding ("Colonial" or "Plaintiff"), and Sammy's Grill, LLC d/b/a Stadia Bar and Grill ("Stadia Bar and Grill"), Stadia Bar & Grill Licensing Co., LLC d/b/a Stadia Sports Grill ("Stadia Sports Grill"), Sammy's Grill, LLC 2 d/b/a Sammy's Sports Grill 2 ("Sammy's Sports Grill 2"), Sammy's Grill, LLC 3 d/b/a Sammy's Sports Grill 3 ("Sammy's Sports Grill 3"), Sammy's Grill, LLC 4 d/b/a Sammy's Sports Grill 4 ("Sammy's Sports Grill 4"), Sammy's Grill, LLC 5 d/b/a Sammy's Sports Grill 5 ("Sammy's Sports Grill 5", together with Stadia Bar and Grill, Stadia Sports Grill, Sammy's Sports Grill 2, Sammy's Sports Grill 3, and Sammy's Sports Grill 4, hereinafter collectively referred to as "Sammy's Grill"), and Samuel Vela a/k/a Sammy Vela ("Vela", together with Sammy's Grill, hereinafter referred to as "Defendants") that the above-referenced action is settled as follows:

1. Defendants appear in the above-captioned action, waive service of the summons and complaint and all jurisdictional defenses and consent to the jurisdiction of this Court.

2. Defendant Stadia Bar and Grill has a principal place of business at 22762 Westheimer PKY #400, Katy, TX 77450.

3. Defendant Stadia Sports Grill has a principal place of business at 22762 Westheimer PKY #400, Katy, TX 77450.

4. Defendant Sammy's Sports Grill 2 has a principal place of business at 9550 Spring Green Blvd, Ste. 400, Katy, TX 77494.

5. Defendant Sammy's Sports Grill 3 has a principal place of business at 7035 W. Grand Parkway #99, Richmond, TX 77406.

6. Defendant Sammy's Sports Grill 4 has a principal place of business at 1027 Sawdust Road, Spring, TX 77380.

7. Defendant Sammy's Sports Grill 5 has a principal place of business at 3555 Rayford Road, Suite 100, Spring, TX 77380.

8. Defendant Vela resides at 9903 Cinco Ridge Drive, Katy, TX 77494.

9. By way of the Merchant Cash Advance Agreements for the Purchase and Sale of Future Receivables dated August 16, 2016, October 26, 2016, October 26, 2016, November 9, 2016, and December 14, 2016 including the Security Agreements and Guarantees executed contemporaneously therewith (collectively, the "Merchant Agreements"), Plaintiff purchased Eight Hundred Thirty Thousand One Hundred and Ninety Five Dollars ($830,195.00) of Sammy's Grill's future accounts, monetary payments and other general receivables generated in the course of its business (the "Receivables").

10. By December 16, 2016, Plaintiff paid Sammy's Grill the amount of Five Hundred Eighty Five Thousand Dollars ($585,000.00) as the agreed upon purchase price for the Receivables.

11. On December 29, 2017, Defendants entered into a settlement agreement, (the "Settlement Agreement") with CFN to resolve an outstanding debt owed by Defendants under the Merchant Agreements in the amount of Five Hundred Four Thousand Two Hundred Eighteen Dollars and Twenty Nine Cents ($504,218.29).

12. Since entering into the Settlement Agreement, Defendants have paid a total of $17,300.06 to Plaintiff, which payments have been credited to Defendants' account.

13. In direct contradiction of the terms of the Settlement Agreement, Defendants defaulted by failing to make the March 12, 2018 payment.

14. The Settlement Agreement provides that in the event of default, the entire remaining pre-settlement balance of $504,218.29 shall be immediately due to Plaintiff, less sums paid by Defendants under the Settlement Agreement.

15. The Settlement Agreement also provides for costs, attorney's fees, and interest at the legal rate of 9% from November 23, 2016, the date of Defendants' original default under the Merchant Agreements.

16. Under the Settlement Agreement, Defendants have delivered a total of Seventeen Thousand Three Hundred Dollars and Six Cents ($17,300.06) to Plaintiff, leaving a balance of Four Hundred Eighty Six Thousand Nine Hundred Eighteen Dollars and Twenty Three Cents ($486,918.23) worth of the Receivables due and owing to Plaintiff under the Settlement Agreement ("Claim Amount"). In addition, Defendants also incurred interest from November 23, 2016 in the amount of Seventy Six Thousand Four Hundred Seventy Nine Dollars and Fifty One Cents ($76,479.51). The combined sum of outstanding Receivables due to Plaintiff along with interest at the legal rate from November 23, 2016 to the date of this Stipulation of Settlement, provides for a total balance of Five Hundred Sixty Three Thousand Three Hundred Ninety Seven Dollars and Seventy Four Cents ($563,397.74) plus additional interest at the statutory rate that continues to accrue and which is due and owing to Plaintiff (the "New Claim Amount").

17. Defendants acknowledge and agree with all claims set forth herein and in Plaintiff's Verified Complaint against Defendants filed with the Court on August 9, 2018 (the "Complaint") including the Claim Amount of Four Hundred Eighty Six Thousand Nine Hundred Eighteen Dollar and Twenty Three Cents ($486,918.23) plus interest at the legal rate of 9% from November 23, 2016 for the total New Claim Amount of Five Hundred Sixty Three Thousand Three Hundred Ninety Seven Dollars and Seventy Four Cents ($563,397.74) plus costs, interest at the statutory rate and attorneys' fees as alleged by Plaintiff.

18. All parties have agreed to settle this action for the amount of Five Hundred Sixty Three Thousand Three Hundred Ninety Seven Dollars and Seventy Four Cents ($563,397.74), paid to Plaintiff by Defendants in accordance with the following terms and schedule:

    a. A payment in the amount of Two Thousand Five Hundred Dollars ($2,500.00) is to be received by Colonial via ACH on Tuesday August, 28, 2018. Thereafter a payment of Two Thousand Five Hundred Dollars ($2,500.00) is to be received by Colonial via ACH each Tuesday up to and including October 30, 2018.

    b. A payment in the amount of Five Thousand Dollars ($5,000.00) is to be received by Colonial via ACH on Tuesday November 6, 2018. Thereafter a payment of Five Thousand Dollars ($5,000.00) is to be received by Colonial via ACH each Tuesday until Five Hundred Sixty Three Thousand Three Hundred Ninety Seven Dollars and Seventy Four Cents ($563,397.74) plus 6% interest is paid in full.

    c. The total amount due and owing under this Stipulation of Settlement, which includes a reduced interest rate of 6% on the outstanding balance, is Six Hundred and Six Thousand Six Hundred and Eight Dollars and Fifty One Cents ($606,608.51). The payment schedule under this Stipulation of Settlement is an initial ten (10) payments of Two Thousand Five Hundred Dollars ($2,500.00) per week, then one hundred and fifteen payments of Five Thousand Dollars ($5,000.00) per week, and the last payment of Six Thousand Six Hundred and Eight Dollars and Fifty One Cents ($6,608.51)

    d. Defendants agree that following the execution of this Stipulation of Settlement, they will not enter into any Merchant Cash Advance, Revenue Based Factoring, or other alternative finance agreements with any competitor of Colonial by which the receivables of any of the Defendants or any other entity owned, in whole or in part, by any of Defendants, are sold, pledged, transferred, assigned or encumbered until the final sum of Five Hundred Sixty Six Hundred and Six Thousand Six Hundred and Eight Dollars and Fifty One Cents ($606,608.51) is paid in full pursuant to this Stipulation of Settlement.

19. **Payments shall be made by automated clearinghouse (ACH) draft from the following bank accounts designated by Defendants: (i) ABA/Routing 111900785, Checking Account Number 0266695376; and (ii) ABA/Routing 111900785, Checking Account Number 0266695384 (jointly, the "Accounts"). Defendants shall either submit to Colonial two checks marked "VOID" for the Accounts to be debited or letters from the Defendants bank authorizing debits from the Accounts, with the checking account and routing numbers clearly visible. <u>IT IS DEFENDANTS' RESPONSIBILITY TO ENSURE THAT SUFFICIENT FUNDS ARE IN THE ACCOUNTS ON THE DUE DATES PRESCRIBED ABOVE, AND THAT THE ACCOUNTS PROVIDED TO COLONIAL REMAIN OPEN AND ARE NOT CLOSED WITHOUT PLAINTIFF'S PRIOR WRITTEN CONSENT. DEFENDANTS SHALL BE LIABLE FOR ANY FEES INCURRED BY COLONIAL FOR RETURNED OR REJECTED PAYMENTS IN AN AMOUNT THAT IS THE GREATER OF: (I) SUCH FEE AMOUNT SET FORTH IN THE MERCHANT AGREEMENTS (IF ANY) FOR EACH RETURNED CHECK OR REJECTED PAYMENT (REGARDLESS OF THE NUMBER OF TIMES SUCH FEE IS INCURRED) OR (II) $75.00 FOR EACH RETURNED CHECK OR REJECTED PAYMENT.</u>**

20. In the event of a default of any of the obligations set forth herein, and after five (5) days written notice to Defendants pursuant to the notice provisions below for those provisions herein that are subject to a cure period and immediately for those provisions herein that are not curable, the payment terms and reduced payment amount (if any) under this Stipulation of Settlement will be void solely at the option of Plaintiff, and Plaintiff is authorized to enter judgment in the Supreme Court of the State of New York, County of New York, in its favor for the entire New Claim Amount of Five Hundred Sixty Three Thousand Three Hundred Ninety Seven Dollars and Seventy Four Cents ($563,397.74) immediately due and owing, plus costs, attorney fees and interest at the statutory rate from the date of default hereunder, less all amounts paid pursuant to this Stipulation of Settlement. Additionally,

Plaintiff may immediately proceed with all legal and equitable remedies available to it, including, without limitation, pursing entry of a judgment against Defendants, but shall give Defendants a credit for all sums hereinafter paid on account. Defendants shall have the opportunity to cure any payment default under this Stipulation of Settlement two (2) times. In the event of a third default or an immediate default as set forth below with respect to the institution of an Insolvency Proceeding (as defined below), Plaintiff may proceed with all legal and equitable remedies available to it and may declare the payment terms and reduced payment amount (if any) under this Stipulation of Settlement void in Plaintiff's sole and absolute discretion and without providing any notice to Defendants of such election. To the extent allowed by law, any default due to the filing of an Insolvency Proceeding shall be deemed to have occurred prior to the actual filing of the Insolvency Proceeding.

21. Subject to Plaintiff's receipt of all payments due as fully described herein, Plaintiff shall discontinue, with prejudice, the Supreme Court proceeding captioned: "Colonial Funding Network, Inc. as servicing provider for Yellow Stone Capital and Trust Capital Funding. v. Sammy's Grill, LLC d/b/a Stadia Bar and Grill, Stadia Bar & Grill Licensing Co. LLC d/b/a Stadia Sports Grill, Sammy's Grill, LLC 2 d/b/a Sammy's Sports Grill 2, Sammy's Grill, LLC 3 d/b/a Sammy's Sports Grill 3, Sammy's Grill, LLC 4 d/b/a Sammy's Sports Grill 4, Sammy's Grill, LLC 5 d/b/a Sammy's Sports Grill, and Samuel Vela a/k/a Sammy Vela," Index No. 653963/2018, commenced in the Supreme Court of the State of New York, County of New York, as against the undersigned Defendants (the "Litigation"). The Defendants' counterclaim and affirmative defenses, if any, are hereby discontinued and/or withdrawn, as applicable, with prejudice. Defendants shall pay any and all costs for dismissing the action and shall be responsible for filing any notice of dismissal.

22. Notwithstanding any terms to the contrary contained in this Stipulation of Settlement, the parties hereto agree that no terms, representations or provisions in this Stipulation of Settlement shall be deemed to modify, limit or abrogate Colonial, any other party represented by Colonial, or any affiliates' thereof security interests in, and liens on, any of Defendants' assets, and/or rights under any previously filed UCC Financing Statements -- all of which are expressly reserved (the "Liens"). Defendants expressly agree and acknowledge that the Liens also secure Defendants' obligations under this Stipulation of Settlement. Defendants shall immediately inform Colonial in writing of any name or address changes of Defendants and Defendants will execute any documents necessary to amend any UCC Financing Statements filed in connection with the Liens to reflect the correct name and address of Defendants.

23. Notwithstanding any terms to the contrary contained in this Stipulation of Settlement, the Defendants expressly ratify and reaffirm all terms, rights and obligations under the Merchant Agreements and acknowledge and agree that the Merchant Agreements are in full force and effect and are enforceable against the Defendants as provided therein. The Defendants further confirm that they have no defenses or setoffs with respect to any of the obligations under the Merchant Agreements. The filing of any petition or institution of any proceeding by or against any of the Defendants under any provisions of the Bankruptcy Reform Act, Title 11 of the United States Code, or any other similar law relating to

bankruptcy, insolvency or other relief for debtors, or general affecting creditor's rights or seeking the appointment of a receiver, trustee, custodian or liquidator of or for any of the Defendants' assets (the "Insolvency Proceeding"), constitutes an immediate default by the Defendants hereunder that may not be cured and is not subject to any cure period. Notwithstanding any terms to the contrary contained in this Stipulation of Settlement, the parties hereto agree that no terms, representations or provisions in this Stipulation of Settlement shall be deemed to modify, limit or abrogate Colonial, any other party represented by Colonial, or any affiliates' thereof rights under the Merchant Agreements, including without limitation, all rights arising from or relating to the purchase of the Receivables.

24. Except for the obligations created, and the representations, arising, under this Stipulation of Settlement and/or in connection with the Liens, the Defendants, individually and jointly, on behalf of themselves and their assigns, and all persons and entities claiming by, through or under them including, without limitation, subrogees, successors, transferees, assigns, purchasers, investors, agents, representatives, managers, affiliates, owners, employees, officers, directors, shareholders, partners, members, guarantors, attorneys, professionals, executors (collectively, the "Sammy's Grill and Vela Parties"), fully and forever release and discharge Colonial, Yellow Stone Capital, and Trust Capital Funding, individually and jointly, and each of their respective affiliates, directors, officers, owners, shareholders, partners, members, managers, employees, guarantors, agents, attorneys, professionals, representatives, transferees, purchasers, investors, subrogees, executors, successors and assigns (collectively, the "Colonial Parties"), of and from any and all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, interest, costs, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims and demands whatsoever, in law, admiralty or equity, which the Sammy's Grill and Vela Parties ever had, now have or hereafter can, shall or may have against the Colonial Parties for, upon or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of this Stipulation of Settlement arising from, or relating to, the claims and defenses asserted in the Litigation.

25. Except for the obligations created, and the representations arising, under this Stipulation of Settlement and/or in connection with the Liens, the Colonial Parties, fully and forever release and discharge the Sammy's Grill and Vela Parties, of and from any and all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, interest, costs, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims and demands whatsoever, in law, admiralty or equity, which the Colonial Parties ever had, now have or hereafter can, shall or may have against the Sammy's Grill and Vela Parties for, upon or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of this Stipulation of Settlement arising from, or relating to, the claims and defenses asserted in the Litigation.

26. The Parties acknowledge that compliance with this Stipulation of Settlement shall constitute a release of liability under the Agreements solely for the undersigned

Defendants. Colonial reserves the right to seek additional payments from any other party to the Agreements, and may do so at its discretion.

27. The Defendants shall provide current personal and business financial statements including, without limitation, profit and loss statements, balance sheets and statement of cash flow of Sammy's Grill for the latest complete fiscal year of Sammy's Grill as well as separate year to date financial statements of Sammy's Grill. Sammy's Grill and Vela shall provide their federal and state tax returns for years ending 2016 and 2017. Sammy's Grill and Vela shall have an obligation to furnish updated financial statements and tax returns upon request of Colonial.

28. The Parties agree that this Stipulation of Settlement shall be binding on the Defendants even if one or more of them shall become Debtors in a bankruptcy proceeding. To the extent permitted by applicable law, this Stipulation of Settlement shall bind any trustee or representative appointed for a Debtor's estate. Such binding effect is an integral part of this Stipulation of Settlement. Sammy's Grill and Vela agree that in the event either should file for bankruptcy, then to the extent allowed by law: (a) Colonial shall have an allowed secured claim against Sammy's Grill and/or an allowed unsecured claim against Vela in the amount of Five Hundred Sixty Three Thousand Three Hundred Ninety Seven Dollars and Seventy Four Cents ($563,397.74), plus costs, attorney fees and interest at the statutory rate from the date of execution of this Stipulation of Settlement, less all amounts paid pursuant to this Stipulation of Settlement; and (b) Sammy's Grill and Vela will not dispute that (i) this Stipulation of Settlement has been entered into in the ordinary course of business; (ii) all payments made to Colonial under this Stipulation of Settlement have been made in the ordinary course of business; and (iii) Colonial has provided new value to Sammy's Grill and Vela by agreeing to the settlement of the claims set forth in this Stipulation of Settlement. Further, the Parties agree that this Stipulation of Settlement does not constitute a release of Colonial's right to seek a determination of non-dischargeability under the Bankruptcy Code. In the event that a bankruptcy or other insolvency proceeding would result in this settlement not being paid in full, Colonial retains the right to seek an exception to discharge. Furthermore, Sammy's Grill and Vela acknowledge and agree that, in light of the facts acknowledged herein, the obligations and liabilities stated in this Stipulation of Settlement are not dischargeable in any bankruptcy proceeding initiated by, or on behalf of, whether voluntarily or involuntarily, Sammy's Grill and Vela.

29. This Stipulation of Settlement shall be governed by and construed in accordance with the laws of the state of New York without regard to conflict of law principles. The sole and exclusive venue for the resolution of any dispute shall be the State or Federal Courts located in New York County, New York.

30. This Stipulation of Settlement represents the entire agreement with respect to the subject matter contained herein. This Stipulation of Settlement shall be binding upon the parties and their successors and may not be modified except by written agreement signed by the parties hereto.

31. Each party hereby acknowledges that he, she or it has consulted with and obtained the advice of counsel prior to executing this Stipulation of Settlement, and that this Stipulation of Settlement has been explained to that party by his, her or its counsel, and the terms of this Stipulation of Settlement are fully understood and voluntarily accepted by the parties hereto. Should any provision of this Stipulation of Settlement require judicial interpretation, the court interpreting or construing the provision shall not apply the rule of construction that a document is to be construed more strictly against one party.

32. Any waiver by a party hereto of any of such party's rights under this Stipulation of Settlement, or of any breach of this Stipulation of Settlement, shall not constitute a waiver of any other rights or of any future breach.

33. If Colonial incurs any costs and expenses relating to enforcing its rights under this Stipulation of Settlement, and/or institutes any arbitration, judicial or administrative action or proceeding to enforce any provisions of this Stipulation of Settlement, alleging any breach of any provision hereof or seeking damages or any remedy, Defendants shall pay to Colonial all costs and expenses, including, without limitation, reasonable attorneys' fees (to include outside counsel fees and all allocated costs of Colonial's in-house counsel), mediator fees, and/or arbitrator fees expended or incurred by Colonial in connection therewith, whether incurred at the trial or appellate level, in an arbitration proceeding or otherwise, and including any of the foregoing incurred in connection with any bankruptcy proceeding or other proceeding as set forth above (including without limitation, any adversary proceeding, contested matter or motion brought by Colonial or any other person).

34. If Colonial incurs any costs and expenses related to enforcing its rights under this Stipulation of Settlement, including without limitation, any costs and expenses incurred in connection with any arbitration, judicial or administrative action or proceeding to enforce any of Colonial's rights herein, among which include, but are not limited to, reasonable attorneys' fees (to include outside counsel fees and all allocated costs of Colonial's in-house counsel), mediator fees, and arbitrator fees, Colonial shall have the right to collect such costs and expenses from Defendants.

35. The parties hereto agree that they will take all actions, execute, and deliver any and all documents reasonably necessary to carry out the intent and purpose of this Stipulation of Settlement, including, without limitation, any documents necessary for Colonial to perfect its security interests in the Liens and/or an executed updated Confession of Judgment with regard to the claims set forth in the Complaint and acknowledged and admitted by Defendants herein as may be necessary to maintain the enforceability of such Confession of Judgment in accordance with any applicable statute of limitations or other applicable law.

36. Defendant Sammy's Grill currently uses Beyond located at 10507 Timberland Circle, Suite 100, Louisville, Kentucky, 40223 as its sole credit card processor. Defendants hereby agree to notify Plaintiff in writing within three business days of any change of the credit card processor utilized for Defendant Sammy's Grill's business. Such notification shall detail the name, address and phone number of the new credit card processor as well as any account number utilized by such credit card processor for Defendant's account, and such notice shall be provided to Colonial at the address listed below.

37. All notices required to be sent under this Stipulation of Settlement to Plaintiff shall be sent by certified mail, first class, return receipt requested, or by email, to the following:

> Colonial Funding Network, Inc.
> 120 West 45th Street, 6th Floor
> New York, New York 10036
> Attn: General Counsel
> generalcounsel@sfscapital.com

All notices required to be sent under this Stipulation of Settlement to any of the Defendants shall be sent by certified mail, first class, return receipt requested, to the following:

> Samuel Vela
> 9903 Cinco Ridge Drive
> Katy, TX 77494

38. This Stipulation of Settlement may be executed in identical counterparts with such counterparts together constituting the entire agreement. Electronically transmitted copies of signatures shall be deemed an original for purposes of execution of this Stipulation of Settlement.

39. In signing this Stipulation of Settlement, each of the undersigned acknowledges and affirms that he, she or it has the full authority to bind the respective party to all terms contained herein.

Dated: New York, New York
As of August 24, 2017

**Agreed to:**

**SAMMYS GRILL, LLC d/b/a**
**STADIA BAR AND GRILL**

By: Samuel Vela
Its: Managing Member

**STADIA BAR & LICENSING CO, LLC d/b/a**
**STADIA SPORTS GRILL**

By: Samuel Vela
Its: Managing Member

**SAMMY'S GRILL LLC 2 d/b/a**
**SAMMY'S SPORTS GRILL 2**

By: Samuel Vela
Its: Managing Member

**SAMMY'S GRILL LLC 3 d/b/a**
**SAMMY'S SPORTS GRILL 3**

By: Samuel Vela
Its: Managing Member

[ADDITIONAL SIGNATURES FOLLOW]

| | |
|---|---|
| **SAMMY'S GRILL LLC 4 d/b/a**<br>**SAMMY'S SPORTS GRILL 4** | **SAMMY'S GRILL LLC 5 d/b/a**<br>**SAMMY'S SPORTS GRILL 5** |
| By: Samuel Vela<br>Its: Managing Member | By: Samuel Vela<br>Its: Managing Member |

**SAMUEL VELA a/k/a SAMMY VELA**, *Individually*

**COLONIAL FUNDING NETWORK, INC.** as servicing provider for **YELLOW STONE CAPITAL AND TRUST CAPITAL FUNDING**

By: _____
*Holly S. Falkowitz, Vice President and Deputy General Counsel*