UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | |
| SAMMY VELA, | Chapter 7 |
| Debtor. _____/ | Case No.: 19-34286 |
| KAPITUS SERVICING INC, F/K/A COLONIAL FUNDING NETWORK, AS SERVICING AGENT FOR YELLOW STONE CAPITAL AND TRUST CAPITAL FUNDING, | Ad. Pro. No. 19-03671 |
| Plaintiff, v. | |
| SAMMY VELA, | |
| Defendant. _____/ | |

## MOTION FOR DEFAULT JUDGMENT

Kapitus Servicing Inc. ("Kapitus" or the "Plaintiff") hereby moves this Court pursuant to rule 7055 of Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 55 of the Federal Rules of Civil Procedure (the "Federal Rules"), incorporated herein by Bankruptcy Rule 7055, for entry of a default judgment in favor of Kapitus as to its claims against defendant Sammy Vela ("Vela" or "Debtor"), granting the relief prayed for in the Complaint filed by Kapitus in the above-captioned Adversary Proceeding.  This motion is based upon Plaintiff's Complaint, the Summons, the Affidavit of Service of the same, as well as the Affidavit of David Wolfson in Support of Default Judgment ("Affidavit in Support")[1] filed in connection with this motion.

---

[1] Capitalized terms used but not defined herein have the meanings assigned to such terms in the Affidavit in Support.

1

## JURISDICTION

1. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding. Sammy Vela's petition for chapter 7 bankruptcy was filed on August 4, 2019. Venue of the bankruptcy and this motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The bankruptcy case is now pending before this Court.

## FACTUAL BACKGROUND

2. Kapitus brought an action for non-dischargeability against Sammy Vela as a result of misrepresentations and fraudulent conduct committed by Vela that deceived Kapitus into justifiably and reasonably providing him $585,000 in funds.

3. The full factual background in support of this motion is set forth in the Affidavit in Support. For the reasons set out in this Motion and the Affidavit in Support, this Court should enter an order that the debts owed to Plaintiff are non-dischargeable in Vela's bankruptcy proceeding.

## PROCEDURAL BACKGROUND

4. On August 4, 2019 (the "Petition Date"), Vela filed a petition under chapter 7 of title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Court").

5. On November 12, 2019, Kapitus commenced the above-captioned adversary proceeding against Vela by filing its complaint to determine non-dischargeability of its debts owed by Vela (the "Complaint") [Ad. Doc. No. 1].

6. On December 4, 2019, the summons and Complaint was served on Vela. [Ad. Doc. No. 6].

7. Vela was required to plead or otherwise defend in response to Plaintiff's Complaint by January 3, 2020. Vela failed to plead or otherwise defend in response to Plaintiff's Complaint as required by the Bankruptcy Rules or the Federal Rules.

8. On January 10, 2020, Kapitus filed a Request for Entry of Default [Ad. Doc. No. 7].

9. On January 17, 2020, the clerk of the Court entered a default [Ad Doc. No. 8].

10. Vela has failed to appear in this action, and no counsel or other representatives have entered appearances herein on behalf of Vela.

## LAW AND ARGUMENT

**A.  Standard for Granting Motions for Default Judgment.**

11. Federal Rule 55, made applicable in adversary proceedings under Bankruptcy Rule 7055, sets out the legal framework for default judgments, and encompasses two steps: the entry of a default and the subsequent entry of a judgment by default. Fed. R. Civ. P. 55; *see also Jefferson v. Louisiana Dep't of Pub. Safety & Corr.*, 401 F. App'x 927, 929 (5th Cir. 2010). Here, the clerk of the Court has already entered a default [Ad. Doc. No. 8].

12. Federal Rule 55(a) permits entry of default against a party that fails to plead or otherwise defend a complaint. Fed. R. Civ. P. 55(a). Default judgment is appropriate where, as here, a party fails to answer, respond, or otherwise plead in response to a validly served complaint and a Court Order requiring it to do so. Indeed, under Fifth Circuit case law, in determining whether a default judgment should be entered against a defendant, courts have developed a three-part analysis. *See J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 814 (N.D. Tex. 2015).

13. *First*, courts consider whether the entry of default judgment is procedurally warranted under the following six factors:

    1. whether material issues of fact exist;
    2. whether there has been substantial prejudice;
    3. whether the grounds for default are clearly established;
    4. whether the default was caused by a good faith mistake or excusable neglect;
    5. the harshness of a default judgment; and
    6. whether the court would think itself obliged to set aside the default on the defendant's motion.

*See Lindsey v. Prive Corp.,* 161 F.3d 886, 893 (5th Cir. 1998).

14. *Second*, courts assess the substantive merits of the plaintiff's claims and determine whether there is a sufficient basis in the pleadings for the judgment and, in doing so, courts are to assume that, due to its default, defendant admits all well-pleaded facts in the plaintiff's complaint. *See Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975).

15. *Third*, courts determine what form of relief, if any, the plaintiff should receive. *See, e.g., United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986,* 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008). In doing so, a court may award damages without a hearing by a demonstration through detailed affidavits establishing the necessary facts. *See United Artists Corp. v. Freeman,* 605 F.2d 854, 857 (5th Cir.1979). Additionally, if the amount of damages can be determined with mathematical calculation by reference to the pleadings and supporting documents, a hearing is unnecessary. *James v. Frame,* 6 F.3d 307, 310 (5th Cir.1993).

    **B.**    **Kapitus Is Entitled to a Default Judgment.**

16. In determining whether default judgment is appropriate, the Court determines whether the unchallenged facts constitute a legitimate cause of action prior to entering final

judgment. *Admiral Ins. Co. v. Wieland*, No. 1:15-CV-077 RP, 2015 WL 13035385, at *1 (W.D. Tex. Aug. 5, 2015) (citing 10A Wright, Miller & Kane, Federal Practice and Procedure § 3688 at 63). Importantly, if a defendant is in default, the factual allegations of the complaint are taken as true. *Ins. Co. of the W. v. H & G Contractors, Inc.*, No. CIV.A. C-10-390, 2011 WL 4738197, at *3 (S.D. Tex. Oct. 5, 2011) ("In the event of default, the Court must accept pleaded facts as true, but retains the obligation to determine whether those facts state a claim upon which relief may be granted.") (citing *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001)).

17. Kapitus' Complaint states causes of action that Vela's debt is not dischargeable under sections 523(a)(2)(A); 523(a)(2)(B); 523(a)(4); and 523(a)(6) of the Bankruptcy Code. Thus, the Court may view the allegations in the Complaint as true for purposes of this motion.

**Count I – 11 U.S.C. § 523(a)(2)(A)**

18. For a debt to be nondischargeable under section 523(a)(2)(A) of the Bankruptcy Code, a creditor must show that: (1) the debtor made a representation; (2) the debtor knew the representation was false; (3) the representation was made with the purpose and intention of deceiving the creditor; (4) the creditor reasonably relied on such representation; and (5) the creditor sustained a loss as a result of the representation. *AT&T Universal Card Services v. Mercer (In re Mercer)*, 246 F.3d 391, 403 (5th Cir. 2001).

19. In this case, Vela made multiple misrepresentations to Kapitus, as well as material omissions of fact, all with the intent to induce Kapitus to extend financings and to enter the subsequent settlement agreements with Vela, upon which Kapitus reasonably and justifiably relied in extending financings, and which caused Kapitus documented losses and damages. *See* Complaint, ¶¶ 13-74.

20. For example, Vela fraudulently misrepresented that he was an owner of Stadia and that he was obtaining funds from Kapitus in part to fund the business operations of the Stadia restaurant. The truth, however, is that well before he obtained funding from Kapitus, Vela had turned over Stadia to his former business partner and Vela no longer had any interest or connection with Stadia at the time he obtained funds from Kapitus. The funds were clearly not for Stadia's business operations, despite Vela's representations to the contrary. *See* Complaint, ¶¶ 21–36.

21. Vela also fraudulently misrepresented certain material facts related to the Restaurants. Vela represented that the Restaurants were current on their lease obligations. *See* Complaint, ¶ 15-19. However, they were not current on their lease obligations. *See* Complaint, ¶ 39. Vela also misrepresented that he and the Restaurants were current on their taxes, including federal, state and payroll taxes. *See* Complaint, ¶ 15-19. However, this was not true as the IRS had filed tax liens against Sammy's 1 in April 2015, against Sammy's 2 in May 2017, against Sammy's 3 in August 2017, and against Sammy's 4 in June 2018. *See* Complaint, ¶ 33.

22. Kapitus relied on these misrepresentations and others set out in the Affidavit in Support in connection with extending financing to Vela. Kapitus sustained a loss as a result of these misrepresentations.

23. As such, Vela's debt to Kapitus should be declared nondischargeable under section 523(a)(2)(A) of the Bankruptcy Code.

**Count II – 11 U.S.C. § 523(a)(2)(B)**

24. For a debt to be nondischargeable under section 523(a)(2)(B) of the Bankruptcy Code, a creditor must show: (1) the debtor made a written statement; (2) the written statement was materially false; (3) the written statement concerns the debtor's financial condition; (4) the plaintiff reasonably relied on the statement; and (5) the debtor published the writing with the intent to

deceive the plaintiff. *Bank of North Georgia v. McDowell (In re McDowell)*, 497 B.R. 363, 369 (Bankr. N.D. Ga. 2013).

25. In this case, Vela made multiple materially false statements in written documents concerning his financial condition and the financial conditions of the Restaurants, insiders of Vela, with the intent to deceive Kapitus, upon which Kapitus reasonably and justifiably relied in extending credit, and which caused Kapitus documented losses and damages. *See* Complaint, ¶¶ 13-36, 42–48.

26. Indeed, Vela's fraudulent misrepresentations that he was an owner of Stadia was made in writing on multiple occasions, as were his representations that he was obtaining funds from Plaintiff in part to fund Stadia's business operations. The truth, however, is that well before he obtained funding from Kapitus, Vela had turned over Stadia to his former business partner and Vela no longer had any interest or connection with Stadia at the time he obtained funds from Kapitus. The funds were clearly not for Stadia's business operations, despite Vela's written representations to the contrary. *See* Complaint, ¶¶ 21–36.

27. Vela also misrepresented in writing that he would use only one card processor acceptable to Funder and would appoint Funder as "Acting Agent" over the Bridge / Control Account and shall instruct Processor to designate the Bridge / Control Account as the deposit account for all of Merchant's customers' card transactions. *See* Complaint, ¶¶ 23-24. Upon information and belief, Vela intended to use a bank account other than the Processor Account and/or Bridge Account to divert the Receivables proceeds away from Kapitus after the execution of the Agreements. *See* Complaint, ¶¶ 60–64.

28. Vela also misrepresented in writing that the Restaurants were in compliance with all laws. *See* Complaint, ¶¶ 25. However, the Restaurants were not in compliance with their tax

obligations as there were multiple tax liens outstanding in connection with the Restaurants. *See* Complaint, ¶¶ 33.

29. Vela made these misrepresentations in writing with the intent to deceive Kapitus. Kapitus reasonably relied on these written misrepresentations in extending financing to Vela and suffered a loss as a result.

30. As such, Vela's debt to Kapitus should be declared nondischargeable under section 523(a)(2)(B) of the Bankruptcy Code.

**Count III – 11 U.S.C. § 523(a)(4)**

31. Vela's debt to Kapitus is also nondischargeable under section 523(a)(4) on the basis of larceny. Larceny has been defined as the felonious taking of another's personal property with intent to convert it or deprive the owner of same. *In re Fitch*, 349 B.R. 133, 143 (Bankr. N.D. Tex. 2006). Larceny under section 523(a)(4) of the Bankruptcy Code requires that the debtor possess fraudulent intent at the time of the taking of the property. *Webber v. Giarratano (In re Giarratano)*, 358 B.R. 106, 110 (Bankr. D. Del. 2004) ("essential, however, to a finding of larceny is the showing of fraudulent intent").

32. In this case, Vela engaged in larceny in that he misappropriated funds due Kapitus by transferring them into accounts not accessible by Kapitus without an explanation, reason, or purpose relating to the Restaurant's business, causing Kapitus damage. *See* Complaint, ¶¶ 13-36, 49–67. In the alternative, Vela embezzled these funds because Vela was obligated to turn over to Kapitus proceeds of accounts receivable that came in to Vela's possessions. *See* Complaint, ¶¶ 13-36, 49–66.

33. The extent of the larceny is extraordinary in this matter. Vela was to repay the funds owed to Kapitus in part through the receivables of Stadia. However, as Vela no longer had

any interest in Stadia when he entered into the Agreements, it is clear that his intent from the beginning was to deprive Plaintiff of those funds. Vela had no ability to provide Plaintiff those Receivables and, as demonstrated by his multiple breaches of Agreements and immediate filing of bankruptcy after Plaintiff learned of his deceitful conduct, Plaintiff's conduct was intentionally done to deprive Plaintiff of the amounts owed to it by Vela. *See* Complaint, ¶¶ 13-36, 49–66.

34. As such, Vela's debt to Kapitus should be declared nondischargeable under section 523(a)(4) of the Bankruptcy Code.

### Count IV – 11 U.S.C. § 523(a)(6)

35. For a debt to be nondischargeable under section 523(a)(6) of the Bankruptcy Code, a creditor must prove: (1) the debtor acted "willfully,"; (2) the debtor acted "maliciously,"; and (3) the debtor's willful and malicious actions caused injury to the plaintiff or the plaintiff's property. *Guggenheim Capital, LLC v. Birnbaum (In re Birnbaum)*, 513 B.R. 788, 802-03 (Bankr. E.D.N.Y. 2014). An act is "willful" for purposes of § 523(a)(6) when an actor had actual intent to cause injury or "was substantially certain that the injury would occur." *Margulies v. Hough (In re Margulies)*, 541 B.R.156, 162 (Bankr. S.D.N.Y. 2015) (internal citations omitted). An act is "malicious" when the act is wrongful and without just cause or excuse, even in the absence of personal hatred, spite, or ill-will. *Aldus Green Co. v. Mitchell (In re Mitchell)*, 227 B.R. 45, 51 (Bankr. S.D.N.Y. 1998) (internal citations omitted). A finding of malice does not require a specific intent to harm or injure, but rather is implied when anyone of reasonable intelligence knows that the act in question is contrary to commonly accepted duties in the ordinary relationships among people, and injurious to another. *Id.* (internal citations omitted).

36. In this case, Vela made willful and malicious representations to Kapitus with the specific intent to induce Kapitus to extend financing and to enter the subsequent settlement

agreement with Vela, all with the specific intent to later divert funds away from Kapitus, causing Kapitus damage. *See* Complaint, ¶¶ 13-36, 67–74.

37. For instance, and as set out above and in the Affidavit in Support, Vela fraudulently misrepresented that he was an owner of Stadia, and that he was obtaining funds from Plaintiff in part to fund the business operations of that restaurant. The truth, however, is that well before he attempted to obtain funding from Kapitus, Vela had a falling out with his business partner and no longer had any interest or connection with Stadia at the time he obtained funds from Plaintiff. The funds obtained from Kapitus were clearly not for Stadia's business operations, despite Vela's representations to the contrary. *See* Complaint, ¶¶ 21–36.

38. Plaintiff further misrepresented the scope of debts owed, his intention to repay the amounts owed to Plaintiff, his intention to declare bankruptcy, and breached no less than seven agreements (five funding agreements and two settlement agreements) almost immediately after entering each of them. When Plaintiff learned of the misrepresentations regarding his ownership of Stadia and Vela's use of funds that were to fund Stadia's business operations, Vela quickly filed for bankruptcy protection in an effort to avoid repaying the amounts he obtained through his malicious conduct. *See* Complaint, ¶¶ 13-36, 67–74.

39. As such, Vela's debt to Kapitus should be declared nondischargeable under section 523(a)(6) of the Bankruptcy Code.

**Damages**

40. Kapitus properly demonstrates the damages it sustained in its Complaint and associated exhibits. *See* Complaint ¶¶ 22–36; *see also* Complaint Exhibits A–D.

41. Based upon the alternative statutory bases discussed above, taking as true the allegations in the Complaint, and the Affidavit in Support, sufficient facts exist for this court to

adjudge Vela's debt to Kapitus in the amounts of $559,982.97, in addition to interest accruing since April 22, 2019, based on New York State judgment. As of August 4, 2019, the total claim with interest (at the New York legal rate of 9%) is $574,481.14.

## CONCLUSION

For the foregoing reasons, Kapitus requests that this Court grant this motion and enter a judgment substantially in the from attached hereto.

Dated: March 4, 2020

DIAMOND MCCARTHY LLP

*s/ Charles M. Rubio*
Charles M. Rubio
Bar No. 24083768
crubio@diamondmccarthy.com
909 Fannin, Suite 3700
Houston, Texas 77010
Telephone: (713) 333-5100
Facsimile: (713) 333-5199

COUNSEL FOR PLAINTIFF
KAPITUS SERVICING, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Motion for Default Judgment* was served by first class United States mail and U.S. Certified First Class Mail (return receipt requested) on March 4, 2020 to Sammy Vela as follows:

Sammy Vela
9903 Cinco Ridge Drive
Katy, Texas 77494

*s/ Charles M. Rubio*
Charles M. Rubio